IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SISKIYOU REGIONAL EDUCATION
PROJECT,

                           Civil No. 03-3013-CO (Lead Case)

            Plaintiff,

                           FINDINGS AND RECOMMENDATION

    v.

UNITED STATES FOREST SERVICE,
et al.,

            Defendants,

ROBERT AND LESA BARTON;
GERALD E. HOBBS,

            Defendant-Intervenors.

_____

COONEY, Magistrate Judge:

    Plaintiff Siskiyou Regional Education Project brings this
action for declaratory and injunctive relief pursuant to the
National Forest Management Act (NFMA), 16 U.S.C. §§ 1600-1614, and
the Administrative Procedures Act (APA), 5 U.S.C. §§ 501-706,
against the United States Forest Service (USFS) and Scott Conroy,

Forest Supervisor for the Siskiyou National Forest. Plaintiff alleges that the defendants have failed to comply with the standards and guidelines contained in the Northwest Forest Plan and the Siskiyou National Forest Plan in connection with the management of suction dredge mining in the waterways of the Siskiyou National Forest. (Amended Complaint at 1). Plaintiffs seek declaratory relief. Plaintiffs also seek an injunction prohibiting the Forest Service from authorizing or approving mineral operations in Riparian Reserves or Supplemental Resource Areas without an approved plan of operations and prohibiting defendant intervenors from conducting any mining activities until they obtain an approved plan of operations from the Forest Service. (Amended Complaint at 9).

Federal Defendants move to strike defendant intervenor Hobbs's second, third, sixth, eighth, ninth, eleventh, twelfth, thirteenth, and fourteenth affirmative defenses and his first, second, and third counterclaims (#97).

## I. BACKGROUND

This case consists of two consolidated cases; Siskiyou Regional Education Project (SREP) v. United States Forest Service (USFS) and Scott Conroy, Forest Supervisor Siskiyou National Forest 03-3013-CO and Robert and Lesa Barton v. USFS 03-1175-CO. SREP v. USFS et al was filed on February 6, 2003. (Docket #1).

On May 12, 2003 Robert and Lesa Brown and Waldo Mining District filed a motion to intervene (#4). On the same day, Gerald Hobbs filed a motion to intervene (#6). This court recommended

denial of the motions (#20).

On August 19, 2003, Judge Hogan issued an order denying Waldo Mining's motion to intervene, but granting Robert and Lesa Brown's motion to intervene and granting Mr. Hobbs's motion to intervene (#44). However, Judge Hogan limited the intervenor defendants Bartons' and Hobbs' participation to the remedial phase of the litigation. (#44 at 4).

On August 29, 2003, Waldo Mining District and Robert and Lesa Barton filed a separate action in the Portland division for infringement of rights under the Mining Act, and moved to consolidate their action with SREP v. USFS et al 03-3013. (#1, #4 Docket Waldo Mining District et al v. USFS, Scott Conroy and Donald Evans 03-1175). The court in Portland transferred the case to the Medford division and the motion to consolidate was denied for failure to comply with Local Rule 42.4 (#6 and 8). Waldo Mining and Robert and Lesa Barton filed a renewed motion to consolidate (#9), which was stayed pending the resolution of the government's motion to dismiss (#13).

This court issued a recommendation that the motion to dismiss be granted (#29). Judge Hogan issued an order adopting the recommendation and granting the motion to dismiss (#33). As a result of this order, Robert and Lesa Barton were the remaining plaintiffs and only their claim for unlawful abrogation of mining rights remained. The Bartons case was then consolidated with SREP v. USFS et al 03-3013-CO (#38 in 03-1175 and #67 in 03-3013).

FINDINGS AND RECOMMENDATION - 3

On March 8, 2005, the court issued a schedule for the case. (#88).   Plaintiffs were ordered to file their amended complaints by April 6, 2005 and federal defendants were ordered to file their answers by April 20, 2005.  The order did not provide for an answer by defendant intervenor Hobbs.

The federal defendants filed their answers on April 20, 2005. (#91 and #92).   Defendant intervenor Hobbs filed a document entitled answer and counter claims on April 25, 2005 (#93).

Defendant intervenor Hobbs filed a memorandum in opposition to SREP's motion for summary judgment.  (#108).  This document was stricken, except as it applies to the remedial phase of the litigation (#137 and #141).

## II. **LEGAL STANDARDS**

Rule 12(f) provides, in part, that a court may order stricken from any pleading any redundant, immaterial, impertinent, or scandalous matter.  Fed. R. Civ. P. Rule 12(f).  The court also has inherent power to dismiss a party's cross-claims for a party's failure to comply with the court's orders.  See Matter of United Markets Inter., Inc. v. Smith, 24 F.3d 650, 654 (5th Cir. 1994).

## III. **DISCUSSION**

Federal defendants move to strike defendant intervenor Hobbs's second, third, sixth, eighth, ninth, eleventh, twelfth, thirteenth, and fourteenth affirmative defense and his first, second, and third counterclaims arguing that the court has already limited Mr. Hobbs's participation to the remedial phase of this litigation and these claims violate that order.  Mr. Hobbs argues that his claims

FINDINGS AND RECOMMENDATION - 4

are compulsory counter-claims which should not be stricken, the court does not have jurisdiction to hear this case as SREP and the USFS have engaged in collusion, the USFS does not have authority to regulate mining, and the USGFS is misusing the purpose of a motion to strike.

This court finds that Mr. Hobbs's affirmative second, third, sixth, eighth, ninth, eleventh, twelfth, thirteenth and fourteenth affirmative defenses and his counter claims are actually cross claims against the United States, and/or the Forest Service, and/or the Department of Agriculture. See Schwab v. Erie Lackawanna Railroad Co., 438 F.3d 62 (3rd Cir. 1971)(the court is not bound by a party's characterization of a claim). Cross claims are optional, not mandatory, and a party will not be barred from asserting such claims in an alternative action. Petersen v. Watt, 666 F.2d 361, 363 (9th Cir. 1982). Mr. Hobbs's inclusion of these claims is in contravention of the court's previous order limiting his participation in this suit to the remedial phase of the litigation. Therefore, federal defendants' motion to strike these "affirmative defenses" and "counterclaims" should be granted.

## IV.   RECOMMENDATION

Based on the foregoing, it is recommended that defendants' motion to strike (#97) be granted.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's

FINDINGS AND RECOMMENDATION - 5

judgment or appealable order.  The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have ten days within which to file a response to the objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this _____19_____ day of October, 2005.


_____/s/_____
UNITED STATES MAGISTRATE JUDGE